**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID CHIMERA and BRENDA CHIMERA, )
)
                Plaintiffs, )
)
vs. ) No. CIV-09-498-FHS
)
(1) RON LOCKHART, in his official capacity )
as Sheriff of Sequoyah County, (2) JOHNNY )
PHILPOT, in his individual capacity, (3) )
TABBIE SUTTERFIELD, (4) JOEY OLIVER, (5) )
MONTY DAVIS, and (6) DENNIS THOMAS, )
)
                Defendants. )

**ORDER**

Before the court for its consideration is the Defendants Lockhart, Philpot, Oliver, Davis and Thomas' Motion for Summary Judgment and Brief in Support (Doc. #105). The court rules as follows on the motion.

**STANDARD FOR SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v.

1

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

## FINDINGS OF FACT

The court finds the facts as follows. Tabbie Sutterfield, a former defendant, owns a home and property in Sequoyah County, state of Oklahoma. David and Brenda Chimera (plaintiffs) own property which is adjacent to the property owned by Sutterfield. When Sutterfield purchased her property the residence was already in place. The sole access road from Sutterfield's residence

crosses over plaintiffs' property.  Sutterfield's property is
landlocked by other properties.  Due to a mountainous terrain and
a natural creek, Sutterfield has no access to a public road
except for the sole access road that runs across the plaintiffs'
property.  Plaintiffs purchased the property in question in June
2008.  Since that time, there have been problems regarding the
use of the road.  Sutterfield contacted the Sequoyah County
Sheriff's Department to complain about the plaintiffs' harassment
and interference with her access to the road.  The Sheriff's
Department told her that they could not intervene and that it was
a civil matter.

On the evening of December 29, 2008, the Sequoyah County
Sheriff's Office call sheet indicates Sutterfield called the
Sequoyah County Sheriff's Department for assistance.  Sutterfield
reported to the dispatcher that her neighbors had nailed her gate
shut and she could not get out. The gate was removed from its
hinges and sustained no damage on December 29, 2008.  Deputy
Thomas arrived at the scene at 18:21 and went back in service at
18:40.  The call sheet indicates the Deputy advised the parties
to contact their attorney because it was a civil matter.

On December 30, 2008, defendant again left her home and was
blocked from using the road in question.  This time plaintiffs
were physically on the road.  According to the Deputy Call Sheet,
Sutterfield called the Sheriff's Office for assistance on
December 30, 2008, at 11:43.  Sutterfield reported to the
dispatcher that her neighbors were blocking the road and would
not let her by. Brenda Chimera was also holding a rifle on this
occasion.  Deputies Oliver and Davis arrived at the scene at
11:58.  Sutterfield had photographs to document the problems she
was having with the Chimeras.

Brenda Chimera had a rifle. A discussion ensued between the plaintiffs and the sheriffs. Plaintiffs were handcuffed during this encounter.

Deputy Oliver told David Chimera he was under arrest for breach of the peace. David Chimera put his hands behind his back and Deputy Oliver handcuffed him. After the handcuffs were placed on his hands David Chimera complained of them being too tight and they were loosened. The only injury David Chimera claims occurred during his arrest was a "slice in his skin" on his wrist which did not bleed. David Chimera sought no medical care for his wrist and he did not even put a band-aid on the alleged cut. David Chimera claims he now has a wrist problem, but he does not remember when his wrist problem began.

Brenda Chimera was told she was under arrest. At that time, she pulled her arm away from Deputy Oliver when she was placed under arrest. After Brenda Chimera pulled away from Deputy Oliver she put her hands behind her back and Deputy Oliver placed the handcuffs on her. After Oliver placed the handcuffs on Brenda Chimera she complained they were too tight so one of the deputies loosened them. Brenda Chimera did not receive any lacerations or bruises during her arrest. She never saw a doctor regarding any of the physical injuries she alleges in this matter. Deputy Davis did not see any action of Deputy Oliver that was excessive or out of the normal operations when Oliver placed the handcuffs on the Chimeras. David Chimera was arrested for breach of the peace while Brenda Chimera was arrested for breach of the peace and resisting arrest.

Neither David Chimera nor Brenda Chimera ever spoke with former Sheriff Johnny Philpot. Deputy Thomas, Deputy Davis and

Deputy Oliver never had a conversation with former Sheriff Johnny Philpot regarding what happened at the Chimeras on the 29th or the 30th of December, 2008. Johnny Philpot was not present when the Chimeras were arrested. They have sued Defendant Philpot simply because he was the deputies' employer. David Chimera does not know of any deficiency in Deputy Davis and Oliver's training. Brenda Chimera does not know anything about the supervision of training of the deputies in the Sequoyah County Sheriff's Office. The Chimeras know of no policy of the Sequoyah County Sheriff that violated their civil rights.

## I. Constitutional Rights-Individual Liability

To establish liability under 42 U.S.C. Sec. 1983 against the Defendants Philpot, Oliver, Davis, and Thomas in their individual capacities, plaintiff must demonstrate they acted under color of state law and that they were personally involved in the alleged constitutional violations. Personal participation is an essential element of a 42 U.S.C. Sec. 1983 claim. <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1991). In order for liability to arise under 42 U.S.C. Sec. 1983 a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. <u>Novitsky v. City of Aurora</u>, 491 F.3d 1244, 1254 (10th Cir. 2007).

Plaintiffs have asserted a 42 U.S.C. Sec. 1983 claim against defendants Oliver and Davis for false arrest. A warrantless arrest by police officers without probable cause violates the Fourth Amendment and gives rise to a cause of action for false arrest under 42 U.S.C. Sec. 1983. <u>Romero v. Fay</u>, 45 F.3d 1472, 1476 (10th Cir. 1995). However, "a police officer may arrest a person without a warrant if he had probable cause to believe that

5

the arrestee has committed or is committing an offense." A warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe the person committed an offense. Atwater v. Lago Vista, 532 U.S. 318, 322 (2001) and Tanburg v. Sholtis, 401 F.3d 1151, 1159 (10th Cir. 2005). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Romero at 1476.

21 O.S.C.A. Sec. 1362 provides:

> If any person shall willfully or maliciously disturb, either by day or night, the peace and quiet of any city of the first class, town, village, neighborhood, family, or person by loud or unusual noise, or by abusive, violent, obscene or profane language, whether addressed to the party so disturbed or some other person, or by threatening to kill, do bodily harm or injury, destroy property, fight or by quarreling or challenging to fight, or fighting, or shooting off any firearms, or brandishing the same, or by running any horse at unusual speed along any street, alley, highway, or public road, he shall be deemed guilty of a misdeameanor....

The court finds the defendants Oliver and Davis had probable cause to arrest the plaintiffs for breach of the peace on December 30, 2008. When the defendants Oliver and Davis arrived at the scene Sutterfield told the deputies the Chimeras had blocked the exit from her home and Brenda Chimera was carrying a rifle. She then showed the deputies pictures she had taken documenting the same. This court finds there was sufficient probable cause to arrest the Chimeras for breach of the peace because of the threatening nature of their behavior by blocking

the road with their vehicle and by the fact Brenda Chimera was brandishing a weapon while blocking Sutterfield from the road. Accordingly, the court grants the defendants' Motion for Summary Judgment as to the Plaintiff's false arrest claim.

Plaintiffs also assert a claim against defendants Oliver and Davis for excessive force. In their Second Amended Complaint they allege defendant Oliver used excessive force in effectuating the arrest of plaintiffs and that defendant Davis failed to intervene to stop such force from being used. Excessive force claims are governed by the Fourth Amendment's "objective reasonableness" standard. Cordova v. Aragon, 569 F.3d 1183, 1188 (10th Cir. 2009). "Reasonableness is evaluated under a totality of the circumstances approach which requires that the following factors be considered: the severity of the crime at issue, whether the suspect poses an immediate threat of danger to the safety of others or the officers, and whether he is actively resisting arrest." Weigel v. Broad, 544 F.3d 1143, 1151-52 (10th Cir. 2008). "Whether an individual officer's actions are objectively reasonable in light of undisputed facts is a pure question of law". Scott v. Harris, 550 U.S. 372, 381 (2007). Furthermore, in order to recover on their claim of excessive force, plaintiffs "must show both that the force used was more than reasonably necessary and some actual injury caused by the unreasonable seizure that is not deminus, but is physical or emotional." Fisher v. City of Las Cruces, 584 F.3d 888, 897 (10th Cir. 2009).

First, the facts reveal defendants acted in an objectively reasonable manner and used only such force as was necessary to affect the arrest of the plaintiffs. In fact, defendants even loosened plaintiffs handcuffs when they complained that they were too tight. Furthermore, plaintiffs cannot document injury either

7

physical or emotional as a result of the use of force upon them by defendant Oliver.  Accordingly, Oliver and Davis are entitled to summary judgment as to plaintiffs claim of excessive force.

Plaintiffs also assert a claim against defendant Thomas for "illegal entry" presumably in violation of the Fourth Amendment.  This claim is based upon defendant Thomas alleged entry onto plaintiffs' property on December 29, 2008, and alleged removal of plaintiff's gate from its hinges.  However, plaintiffs' uncontroverted facts are simply insufficient to support a claim for illegal entry.  There is no evidence to support the claim that Defendant Thomas entered onto plaintiff's property on that date to conduct any search.  The evidence shows defendant Thomas was responding to an emergency call for assistance from Sutterfield.  There is absolutely no evidence to support plaintiffs claim that Defendant Thomas removed the plaintiffs' gate from its hinges.  There is simply no evidence that defendant entered onto the fenced portion of plaintiffs' property.  Accordingly,  defendant Thomas is entitled to summary judgment with regard to plaintiff's civil rights claim for "illegal entry".

Plaintiffs also assert all of their civil rights claims against defendant Philpot.  However, plaintiffs have no evidence that defendant Philpot was personally involved in any of the alleged incidents.  Rather, plaintiffs assert their claims against Defendant Philpot merely because he was the supervisor of Defendants Oliver, Davis, and Thomas at the time of their alleged injury.  Supervisory status by itself is insufficient to support liability. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  In order to prevail on such a claim against Defendant Philpot, plaintiffs must present evidence of an affirmative link

8

between the alleged constitutional violations and defendants Philpot's failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir. 1988). The court finds the defendant Philpot is entitled to summary judgment on the plaintiffs civil rights claim because the record is completely void of any evidence that defendant Philpot failed to supervise Oliver and Davis.

Finally, plaintiffs assert a claim against all of the individual defendants for conspiracy. Allegations of conspiracy may form the basis of a 42 U.S.C. Sec. 1983 claim. Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 533 (10th Cir. 1998). However, a claim of conspiracy requires more than conclusory allegations; in order to state a claim for civil conspiracy under 42 U.S.C. Sec. 1983 a plaintiff must allege specific facts showing an agreement and concerted actions among the defendants. Id. Here, the court has already ruled in a previous order granting the defendant Tabbie Sutterfield summary judgment that plaintiffs have failed to set forth any evidence of any conspiracy among the named defendants in this suit.

The court finds the plaintiffs have failed to establish a civil rights cause of action against defendants Oliver, Davis, Thomas and Philpot. Accordingly, they are granted summary judgment on plaintiffs' claims.

## II. Municipal Liability

Plaintiff has also assert a 42 U.S.C. Sec. 1983 claim against the defendant Lockhart in his official capacity as Sheriff of Sequoyah County. In this regard, official capacity suits "generally represent only another was of pleading an action against an entity of which an officer is an agent." Monell v.

9

New York City Department of Social Services, 436 U.S. 658, 690 (1978) and Kentucky v. Graham, 436 U.S. 658, 165 (1985). "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Cordova v. Aragon, 560 F.Supp. 2d 1041, 1064 (D. Colo. 2008); and Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993). The court has previously found no underlying constitutional violations by the underlying officers. As a result, there can be no municipality liability. Thus, the court also grants summary judgment in the defendant Lockhart's official capacity.

### III. State Law Claims

28 U.S. C. Sec. 1368 © (3) provides "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-(3) the district court has dismissed all claims over which it had original jurisdiction,..." This court is to exercise pendent jurisdiction over state law claims on a discretionary basis. Brooks v. Gaenzle, 614 F.3d 1213, 1229 (10th Cir. 2010). It is a well settled rule in this circuit that "If all federal claims are dismissed leaving only state law claims, the federal district court should decline to exercise supplemental jurisdiction over remaining state law claims." Id. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, they are also dismissed without prejudice.

IT IS SO ORDERED this 28th day of June, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma